UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ethan Book, Jr., *Plaintiff*, | Civil No. 3:04cv442 (JBA) |
| v. | |
| Richard Tobin and Martin L. Nigro, *Defendants*. | November 1, 2010 |

RULING ON MOTIONS

Plaintiff Ethan Book moves *pro se* for articulation and reconsideration of the Court's Order of August 3, 2009 denying reconsideration of its earlier rulings; for leave to file newly–discovered evidence; for articulation of the impact of Connecticut Attorney General Richard Blumenthal's employment at the law firm Cummings & Lockwood from 1981 until 1984 on this action; for leave to file supplemental motions for reconsideration; and for leave to appeal *in forma pauperis*. Magistrate Judge Margolis recommended denying Book's motion to proceed *in forma pauperis*, to which Book has objected.

On August 16, 2005, the Court dismissed Book's claims, finding that Defendants Richard Tobin and Martin Nigro are entitled to absolute judicial immunity and that the claims are barred by the *Rooker-Feldman* doctrine. The Court subsequently denied Plaintiff's motions for reconsideration, Motion to Reopen Judgment, and Motion for Leave to Amend Complaint on March 17, 2006. (Order [Doc. # 125] at 6–7.) The Second Circuit affirmed these rulings on February 8, 2008. *Book v. Tobin*, 263 Fed App'x 174, 175 (2d Cir. 2008) (summary order). In relevant part, the Second Circuit held:

> The district court correctly dismissed Book's complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which applies when one who has lost in state court brings an action in federal court "complaining of injuries caused by state-court judgments rendered before

the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Moreover, defendants are entitled to absolute immunity, because their actions were performed in their judicial capacities and not in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–60 (1978); *Tucker v. Outwater*, 118 F.3d 930, 932–33 (2d Cir.1997).

Furthermore, the district court did not abuse its discretion in denying Book's motions for reconsideration of its dismissal of his complaint, for reconsideration of its denial of his motion to supplement, and to reopen judgment, because Book pointed to no controlling decisions or data that the court had overlooked. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Nor was it an abuse of discretion to deny Book's motion for leave to amend his complaint. "A district court may properly deny a motion to amend when it finds that amendment would be futile," *Patane v. Clark*, 508 F.3d 106, 113 n. 6 (2d Cir.2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), and the district court did not abuse its discretion in determining that any amendment of Book's complaint would be futile for lack of subject matter jurisdiction.

Finally, to the extent that Book appeals the district court's denial of his motion to "void defendants' appearance," which the district court construed as a request to disqualify defense counsel, we find no abuse of discretion in the district court's ruling.

*Id.* The Second Circuit also denied Book's motions for rehearing *en banc* and for reconsideration. The Supreme Court denied Book's petition for certiorari. *Book v. Tobin*, No. 08-6670 (Jan. 12, 2009).

In considering Book's current motions for reconsideration and articulation, which again challenge this Court's application of the *Rooker–Feldman* doctrine, the Court is constrained by the mandate rule, which provides that "where issues have been explicitly or

implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006). That is, unless "an issue was not part of the appellate decision," this Court "is barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals." *United States v. Minicone*, 994 F.2d 86, 89 (2d Cir. 1993) (quotation marks omitted). In this case, the Second Circuit held that Book's complaint was properly dismissed pursuant to *Rooker-Feldman* and that the Defendants are entitled to absolute immunity. Book's present objections notwithstanding, the Court cannot revisit these determinations. Furthermore, even if some of the issues raised by his motion fall outside the scope of the mandate rule, Book has not demonstrated the "extraordinary circumstances" necessary to justify granting relief pursuant to Rule 60(b). *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). The new evidence he seeks to introduce to supplement his motion for reconsideration—his affidavit in a separate false–arrest lawsuit he brought detailing among other things what he termed "reverse–gender bias" throughout the Connecticut State Legislature and the Office of the Attorney General—has no impact on the Second Circuit's determinations that the Defendants are protected by the *Rooker–Feldman* doctrine.

Book also moves for leave to appeal *in forma pauperis*, which Magistrate Judge Margolis recommended denying based on 28 U.S.C. § 1915(e)(2)(B)(iii), which provides that a district court "shall dismiss" a complaint filed *in forma pauperis*, "at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." Book objects to Magistrate Judge Margolis's recommendation on the grounds that the *Rooker–Feldman* doctrine does not immunize Defendants from suit here, relying on arguments he has previously made repeatedly in his many motions and his appeal.

3

The Court reviews the portions of the Magistrate Judge's decision objected to by Plaintiff *de novo*, and any part or the entirety of the Recommended Ruling may be adopted, rejected, or modified. *See* Fed. R. Civ. P. 72(b); Loc. R. 72.2(b). For the aforementioned reasons, the *Rooker–Feldman* doctrine does apply in this matter, and Defendants are immune from suit. Therefore, under 28 U.S.C. § 1915(e)(2)(B)(iii), Book may not proceed *in forma pauperis* in his claims against Defendants.

Accordingly, Magistrate Judge Margolis's Recommended Ruling [Doc. # 185] is adopted. Plaintiff's Motions for Articulation [Docs. # 166, 175], Motion for Reconsideration [Docs. # 165], Motions for Leave to File Supplemental Motions for Reconsideration [Docs. # 168, 172, 180, 181, 182, 183], and Motion for Leave to Proceed *In Forma Pauperis* [Doc. # 173] are DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 1st day of November, 2010.