UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ETHAN BOOK JR., <br>     *Plaintiff,* <br><br> v. <br><br> RICHARD TOBIN <br> *and* <br> MARTIN L. NIGRO, <br>     *Defendants.* | Civil No. 3:04cv442 (JBA) <br><br><br> June 14, 2012 |

RULING ON PLAINTIFF'S RULE 60(b) MOTION TO RE–OPEN JUDGMENT OF COURT RULINGS

Plaintiff Ethan Book Jr. moves to reopen and for reconsideration [Doc. # 189] of the Court's Order [Doc. # 187] denying his previous Motion for Reconsideration, Motions for Articulation , Motions for Leave to File Supplements, his motion for leave to proceed *in forma pauperis*, and adopting Magistrate Judge Margolis's Recommended Ruling. Plaintiff also moves for leave to file excess pages [Doc. # 197] and to file three supplemental reply memoranda [Docs. ## 198, 201, 202]. Defendants move for "warning of leave to file sanctions" [Doc. # 193] asking that the Court warn Plaintiff "that the future filing of frivolous motions or other submissions . . . may result in imposing a requirement that he obtain permission of this Court before making future filings." For the reasons that follow, Plaintiff's motions will be denied, and Defendants' motion will be granted.

I.      Motions to Reopen, to File Excess Pages, and to File Supplemental Replies

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following pertinent reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

Plaintiff's latest motion seeks to re-litigate previous rulings of this Court and of the Second Circuit Court of Appeals that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and that Defendants are entitled to absolute judicial immunity. As this Court explained in its November 1, 2010 Ruling, the mandate rule provides that "where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006). Thus, there is no basis for the Court to reconsider its prior ruling denying Plaintiff's motion for reconsideration.

Plaintiff's motion to reopen and for reconsideration also asks the Court to consider "new evidence" of an "interagency governmental conspiracy" in the form of a letter sent to the Office of the Attorney General (Pl.'s Mot. Reopen at 15–16; Ex. 4 to Pl.'s Mot.), which has no evident bearing on his case against these Defendants and comes nowhere near meeting the Rule 60(b) standards for reopening his case. Plaintiff's motion to reopen is denied.

Finally, Plaintiff also moves to file excess pages, and to file three supplemental reply memoranda. Under Local Rule 7(d), "[a] reply brief may not exceed 10 pages, and must be strictly confined to a discussion of matters raised by the responsive brief." D. Conn. Loc. R. 7(d). Further, surreply briefs may be filed only with leave of court. *Marczeski v. Law*, 122 F.Supp.2d 315, 317 n. 2 (D. Conn. 2000). What Mr. Book submitted as his "Reply brief" with

"excess pages" is 32 pages long, though it is accompanied by four attachments labeled "continuation of main document," making his proposed Reply a total of 153 pages. Though Plaintiff initially references Defendant's opposing memorandum, his filing fails, both in form and substance, to meet the responsive purpose of a Reply brief, as it continues to dispute the Court's ruling granting Defendants' motion to dismiss on the basis of judicial immunity. Plaintiff's three additional proposed supplemental reply memoranda similarly fail to meet the standard for reply briefs, and only reassert Plaintiff's contentions that the *Rooker–Feldman* doctrine is inapplicable to the present case, proffering irrelevant evidence. Plaintiff's motions to file excess pages and to file supplemental reply briefs are therefore denied.

II.     Motion for Warning of Leave to File Sanctions

Defendants move the Court to warn Plaintiff that filing of frivolous motions or other submissions, except a notice of appeal, may result in imposing a requirement that he obtain permission of the Court prior to making future filings. (Def.'s Mot. at 1.)

The Second Circuit has ruled that an order enjoining a litigant from filing vexatious motions in any action may be used as a remedy for litigants who have "abused the judicial process to harass defendants with vexations and frivolous suits." *See, e.g., Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989); *In Re: Martin–Trigona*, 795 F.2d 9 (2d Cir. 1986). In this case, the Second Circuit has already warned Mr. Book about filing frivolous motions in the future, stating, "we warn the Appellant that the future filing of frivolous appeals, motions, or petitions may result in the imposition of a requirement that he obtain

permission of the court before making future filings." (Jan. 18, 2011 Mandate of USCA [Doc. # 188] at 1.)[1]

Since this Court's Ruling on August 17, 2005 [Doc. # 81] granting Defendants' motion to dismiss, Plaintiff has filed multiple motions for reconsideration [Docs. ## 85, 86, 141, 154, 165], a motion to amend [Doc. # 90], motions for leave to supplement his prior motions [Docs. ## 99, 112, 118, 124, 135, 136, 139, 142, 149, 151, 166, 168, 172, 180, 181, 182, 183, 197, 198, 201], motions for articulation [Docs. ## 153, 159, 175], a motion for relief from judgment [Doc. # 129] and motions to reopen his case [Docs. ## 89, 189] based on his assertion "over a long–term period . . . that he is the victim of a massive interstate, interagency, governmental conspiracy." (Pl.'s Obj. to Def.'s Mot. [Doc. # 199] at 5.) From the date of the Second Circuit's Mandate [Doc. # 188] in January 2011 warning Mr. Book

---

[1] Mr. Book has reached the stage of pleadings prohibition or warning of sanctions in other state and federal cases based on his frivolous filings. *See, e.g.*, *Ethan Book, Ethan Book for U.S. Senate v. Bysiewicz, et al.*, No. 11-2739cv (2d Cir. Order, Nov. 17, 2011) ("[t]he continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of sanctions, which may include a leave–to–file sanction requiring Appellant to obtain permission from this Court prior to filing any further submissions in this Court."); *Book v. Mendoza*, No. 3:07-cv-1468(CSH), 2012 WL 201732, at *4 (D. Conn. Jan. 23, 2012) ("[t]his Court, in light of plaintiff's seven unsuccessful motions for reconsideration, imposed an explicit filing ban upon him. . . . Plaintiff's current effort to circumvent this ban, approaching the Court by letter, constitutes yet another fruitless attempt to expunge the affirmed judgment dismissing his action. Due to his pro se status, the Court clarifies for plaintiff for the final time that the action of Book v. Mendoza, No. 3:07–cv–1468 (CSH), is permanently closed. Any future correspondence to the Court and/or attempted filings in this matter shall be rejected by the Clerk and/or returned by the Court."); *Mortgage Electronic Registration System, Inc. v. Ethan Book, Jr.*, 110 Conn. App. 833, 835–36 (2008), *petition for cert. denied*, 290 Conn. 909 (2009) (issuing an order *sua sponte* prohibiting Mr. Book from filing further motions or documents unless he obtained permission of the court); *Mortgage Electronic Registration System, Inc. v. Ethan Book*, No. CV03-0403879-S, 2004 Conn. Super. LEXIS 2054, at *7 (ordering that Mr. Book was precluded from filing any motions to vacate, reconsider, or reargue that Court's ruling).

about the future filing of frivolous motions, he has filed four motions and two objections. Mr. Book's filings are duplicative, digressive, and lack any relationship to this Court's subject matter jurisdiction or the *Rooker–Feldman* doctrine, and require judicial resources to sort through and rule on, notwithstanding their lack of merit. Plaintiff is hereby warned that this case is closed and must remain so as previously explained. If Mr. Book continues to burden this Court with frivolous motions seeking reconsideration of this disposition, an injunction will be issued directing the Clerk of this Court to refuse to accept for filing any submissions from him, unless he first obtains leave of the Court to file each pleading sought to be filed.

III.   Conclusion

For the reasons discussed above, Plaintiff's motions to reopen [Doc. # 189], to file excess pages [Doc. # 197], and to file supplemental reply memoranda [Docs. ## 198, 201, 202] are DENIED. Defendants' motion [Doc. # 193] for warning is GRANTED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of June, 2012.